USCA1 Opinion

 

 February 9, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1693 RICHARD O. BROWN, Plaintiff, Appellant, v. TOWN OF WEYMOUTH, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Reginald C. Lindsay, U.S. District Judge] ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Alexander M. Esteves on brief for appellant. ____________________ Douglas I. Louison, Stephen C. Pfaff and Merrick and Louison on __________________ _________________ ____________________ brief for appellees. ____________________ ____________________ Per Curiam. In this suit under 42 U.S.C. 1983 ___________ alleging use of excessive force,1 plaintiff Richard Brown 1 appeals from the grant of summary judgment for defendants, Officer James Bowen and Captain James Thomas, and from the denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b). We affirm for the following reasons. 1. We have no doubt that summary judgment was proper in this case, regardless whether the district court misconstrued Brown's purpose in stating that his arrest had occurred "without incident," and despite the parties' disagreement on the question whether Brown had resisted arrest. Even if it were undisputed that Brown had not __________ ___ resisted arrest, Bowen would have been justified in using some physical force to effect Brown's arrest. The police report, which both parties submitted in support of their positions at summary judgment, indicated that Bowen knew, when he arrested Brown, that Brown had just assaulted Elizabeth Gordon while on bail for a different crime and that Brown was intoxicated. In addition, Brown had fled the premises, knowing that Bowen was a police officer who would have had cause to arrest him for that assault. Bowen therefore had the clear right to use necessary physical force in arresting Brown. See Graham v. Connor, 490 U.S. 386, 396 ___ ______ ______  ____________________ 1Bowen asserted other claims as well, but he has not 1 appealed the dismissal of those claims. -2- (1989); Dean v. City of Worcester, 924 F.2d 364, 368 (1st ____ __________________ Cir. 1991). The critical question before the court, therefore, concerned the nature and degree of force used by Bowen. In his affidavit in support of summary judgment, Bowen denied forcing Brown's arm up over his head or forcing his arm and shoulder into an anatomically wrong position. Given that affidavit, the contrary allegations in the complaint no longer sufficed to establish a genuine issue as to the degree of force used by Bowen. Brown was required to present "definite, competent evidence" that Bowen had used excessive force in order to rebut the summary judgment motion. See ___ Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. _______ ____________________ 1991), cert. denied, 504 U.S. 985 (1992). That is, he had to ____________ submit "significantly probative" evidence, not simply "some evidence" that Bowen had used excessive force. See Frohmader ___ _________ v. Wayne, 958 F.2d 1024, 1028-29 (10th Cir. 1992). _____ Brown failed to submit any affidavit describing the nature and amount of force used by Bowen in support of his opposition to summary judgment. He submitted medical records reflecting Brown's treatment at South Shore Hospital the night of the arrest. Evidence of injury suffered during an arrest is relevant in determining whether the arresting officer used excessive or reasonable force. See Wardlaw v. ___ _______ Pickett, 1 F.3d 1297, 1304 & n.7 (D.C. Cir. 1993), cert. _______ _____ -3- denied, 114 S. Ct. 2672 (1994). Here, however, the hospital ______ records showed only muscle tenderness and strain in Brown's right shoulder. Those are relatively mild injuries which could have been completely consistent with a reasonable use __________ of force by Bowen. Thus, the hospital records were not sufficiently probative and created no trialworthy issue of fact on the question whether Bowen had used excessive force. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, ___ ______ _____________________________ 1082 & n.5 (8th Cir. 1990) (summary judgment granted for police officer in part because the medical records reportedly showed only that the plaintiff had suffered mild shoulder strain); cf. Dean, supra, 924 F.2d at 369 (summary judgment ___ ____ _____ granted for police officer in part because the plaintiff's minor physical injuries -- cuts, scratches and bruises -- were insufficient to support an inference that police officers had used inordinate force in arresting plaintiff).  We have considered Brown's other claims of error relating to the grant of summary judgment, but find them meritless.  2. The district court properly denied relief from judgment under Fed. R. Civ. P. 60(b). As defendants argue, Brown and his counsel could have obtained the medical records from Massachusetts General Hospital in a timely fashion if they had exercised due diligence. Brown obviously knew those -4- records existed before he retained counsel, but he apparently never told counsel about them until after summary judgment had been granted. Counsel filed an amended complaint and Brown's opposition to summary judgment on the same day. Because the amended complaint asserted that Brown had had shoulder surgery -- a medical procedure not documented in the ___ South Shore Hospital records submitted in opposition to summary judgment, counsel had reason to know at that time that different records reflecting the surgery must have existed. He apparently never asked his client about them, and he made no effort to obtain them until nearly a year later, by which time the court had granted summary judgment. 3. Because summary judgment for Bowen on the excessive force claim was proper, the court correctly dismissed the claim against Thomas, which had asserted the failure to stop or report Bowen's alleged use of excessive force. See Hinton v. City of Elwood, 997 F.2d 774, 783 (10th ___ ______ ______________ Cir. 1993). Affirmed. See Loc. R. 27.1. ____________________________ -5-